**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **EP-10-CR-1564-KC-2** |
| | § | |
| **CARLOS HERNANDEZ-ORTIZ,** | § | |
| | § | |
| **Defendant**. | § | |

**ORDER**

On this day, the Court considered Defendant's "Motion to Suppress Confessions or Oral

Statements," ECF No. 75 ("Motion").  For the reasons set forth below, Defendant's Motion is

**DENIED**.

I.      **BACKGROUND**[1]

On May 11, 2010, United States Magistrate Judge Norbert J. Garney issued an arrest

warrant for Defendant.  Gov't's Resp. to Def.'s Mot. to Suppress Confessions or Oral Statements

("Response") 6, ECF No. 77.  That same day, Immigration and Customs Enforcement ("ICE")

agents arrested Defendant at approximately 5:00 p.m.  *Id.*  ICE Special Agent Armando Coello

read Defendant his *Miranda* statement of rights in Spanish.  *Id.*  Defendant acknowledged both

receiving and understanding these rights and waived his rights in a signed document.  *Id.*; *see*

Resp., Attach. Two.  After signing the waiver, Defendant proceeded to give a detailed statement.

On June 2, 2010, a federal grand jury returned an indictment charging Defendant with one

---

[1]     Defendant's Motion contains no facts.  Therefore, all facts contained in this Order are taken from the evidence submitted by the government.  Facts cited from the government's Response are used to provide context.

-1-

count of Conspiracy to Import a Controlled Substance and Aiding and Abetting, one count of

Conspiracy to Possess a Controlled Substance with Intent to Distribute and Aiding and Abetting,

two counts of Importation of a Controlled Substance and Aiding and Abetting, and two counts of

Possession with Intent to Distribute a Controlled Substance and Aiding and Abetting.

Indictment, ECF No. 24.  Defendant then filed a motion seeking to suppress these statements, *see*

Mot., after which the Government filed its Response.  *See* Resp.

## II.   DISCUSSION

In his Motion, Defendant claims without specificity violations of his Fifth, Sixth, and

Fourteenth Amendment rights under the U.S. Constitution.  *See* Mot.  He also argues that his

statements should be excluded due to delay in presentment before a magistrate judge.  *Id.* at 2.

Finally, Defendant argues that his arrest and/or detention was illegal, thereby tainting and

rendering inadmissible Defendant's subsequent statements.  *Id.* at 3.  Each of these contentions is

addressed in turn.

### A.   Fifth Amendment

#### 1.   Standard

"No person . . . shall be compelled in any criminal case to be a witness against himself."

U.S. Const. amend. V.  To be admissible, confessions made during custodial interrogation must

be preceded by *Miranda* warnings and a waiver of *Miranda* rights; further, the confessions must

be voluntarily given.  *See Oregon v. Elstad*, 470 U.S. 298, 304 (1985) (addressing requirement

for *Miranda* warnings, waiver of *Miranda* rights, and that statements must be voluntary); *Texas*

*v. Payton*, 390 F.2d 261, 268 (5th Cir. 1968) ("the nonretroactivity of the decision in Miranda

does not affect the duty of courts to consider claims that a statement was taken under

-2-

circumstances which violate the standards of voluntariness").  The defendant bears the initial

burden of showing that his or her statements were made during custodial interrogation; after the

defendant meets that burden, the burden shifts to the government to show that *Miranda* warnings

were given, that *Miranda* warnings were waived, and that the statements were voluntary.  *United

States v. Burnette*, 535 F. Supp. 2d 772, 782 (E.D. Tex. 2007).

### 2.    Analysis

As an initial matter, Defendant has not met his burden of showing that he made the

statements at issue during custodial interrogation.  *See* Mot.  In fact, Defendant's Motion

contains no facts at all.  However, even if Defendant had met his burden, the Court finds that the

government has met its burden of showing that Defendant was given his *Miranda* rights in

writing, that he subsequently waived those rights in the same writing, and the statements at issue

were voluntary given.  Resp., Attach. Two.  What's more, the form containing the rights, waiver

of those rights, and the voluntary nature of the statements is written in Spanish and signed by

Defendant.  *Id.*  Defendant does not challenge the validity of the waiver, so the Court need not

address it, particularly because there are no facts indicating that the waiver was anything but

voluntary.

Further, other than a conclusory allegation that his statements were coerced, Defendant

offers no corroborating facts to show coercion or that his statements were involuntary.  The

voluntariness of a confession is judged according to the totality of the circumstances surrounding

the confession.  *Colorado v. Connelly*, 479 U.S. 157, 176 (U.S. 1986).  In this case, Defendant

signed a form indicating the voluntary nature of his statements.  Resp., Attach. Two.  Nothing in

the available facts indicates that Defendant's statements were involuntary.

The Court finds that *Miranda* warnings were given, validly waived, and that Defendant's statements were voluntary.  *See United States v. Laury*, 985 F.2d 1293, 1315 (5th Cir. 1993) (affirming district court's denial of the defendant's motion to suppress where the defendant's motion contained conclusory allegations of coercion without any supporting evidence and nothing in the record suggested that the defendant's statements were compelled).  Therefore, Defendant's Fifth Amendment rights were not violated.

**B.     Sixth Amendment**

**1.     Standard**

"In all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  The Sixth Amendment right to counsel does not attach until the commencement of formal adversary proceedings against the accused.  *Kirby v. Illinois*, 406 U.S. 682, 688 (1972); *United States v. Heinz*, 983 F.2d 609, 612 (5th Cir. 1993).

**2.     Analysis**

Defendant alleges that his Sixth Amendment rights were violated when he gave his statements without the presence of counsel.  Mot. 2.  Defendant was interviewed on May 11, 2010.  Resp. 6-12.  At that time, no formal adversary proceedings had been commenced, and Defendant had not even made his initial appearance before a magistrate judge.  *Id.* at 12.  That initial appearance occurred the next day, May 12, 2010.  *Id.*  As such, Defendant had no Sixth Amendment right to counsel at the time of the interview and thus suffered no violation of his Sixth Amendment rights.

**C.     Fourteenth Amendment**

Defendant does not specify how his Fourteenth Amendment rights were allegedly

-4-

violated.  *See* Mot.  He offers no support for his general allegation of a violation of his

Fourteenth Amendment rights, and this Court finds none.  As such, there is no basis to grant

Defendant's Motion based on violations of the Fourteenth Amendment.

> **D.      Delay Between Arrest and Presentment to a Magistrate Judge**

> **1.      Standard**

"A person making an arrest within the United States must take the defendant without

unnecessary delay before a magistrate judge . . . ."  Fed. R. Crim. P. 5(a)(1)(A).  The relevant

principle concerning Rule 5(a)(1)(A), called the McNabb-Mallory rule, "render[s] inadmissible

confessions made during periods of detention that violat[e] the prompt presentment requirement

of Rule 5(a) of the Federal Rules of Criminal Procedure 5(a)."  *United States v. Alvarez-Sanchez*,

511 U.S. 350, 354 (1994).  However, Congress modified the McNabb-Mallory Rule.  18 U.S.C. §

3501(c), *invalidated in part by Dickerson v. United States*, 530 U.S. 428 (2000).  According to

that subsection,

> [A] confession made . . . while such person was under arrest or other detention . . .
> shall not be inadmissible solely because of delay in bringing such person before a
> magistrate judge . . . if such confession is found by the trial judge to have been
> made voluntarily and . . . such confession was made or given by such person
> within six hours immediately following his arrest or other detention . . . .

*Id.*

The Supreme Court later held that § 3501(c) eliminated the McNabb-Mallory rule for

confessions given within six hours, meaning confessions given within six hours of arrest are

admissible, but when a confession is given more than six hours after arrest, courts must decide

whether the delay was unnecessary or unreasonable.  *Corley v. United States*, 129 S. Ct. 1558,

1571 (2009).

### 2.   Analysis

In this case, Defendant was arrested at 5:40 p.m. on May 11, 2010.  Resp., Attach. Two.
Defendant then signed a form containing both his *Miranda* rights and a waiver of those rights at
7:13 p.m. on May 11, 2010, after which Defendant proceeded to make the statements currently at
issue.  *Id.*  Therefore, Defendant confessed less than six hours after his arrest.  According to §
3501(c) and *Corley*, and given the voluntary nature of Defendant's statements, his confession
does not violate the prompt presentment requirement of Federal Rule of Criminal Procedure
5(a)(1)(A).

### E.   Defendant's Arrest and Potential Ensuing Taint

### 1.   Standard

The Fourth Amendment to the United States Constitution guarantees "[t]he right of the
people to be secure in their persons . . . against unreasonable . . . seizures . . . and no [w]arrants
shall issue, but upon probable cause."  U.S. Const. amend. IV.  This "requires the police to have
probable cause or a warrant before making an arrest."  *Herring v. United States*, 129 S. Ct. 695,
698 (2009).

Furthermore, "[i]t is settled law that 'a confession obtained through custodial
interrogation after an illegal arrest should be excluded unless intervening events break the causal
connection between the illegal arrest and the confession'" *Elstad*, 470 U.S. at 306 (quoting
*Taylor v. Alabama*, 457 U.S. 687, 690 (1982)).

### 2.   Analysis

ICE agents arrested Defendant pursuant to an arrest warrant issued by United States
Magistrate Judge Norbert J. Garney.  *See* Resp. 6; Resp., Attach. One.  Defendant does not attack

the validity of the arrest warrant, nor does Defendant provide any evidence establishing the illegality of Defendant's detention.  *See* Mot.  Therefore, given that the only evidence before this Court is an unchallenged arrest warrant, the Court finds Defendant's arrest to be legal and in compliance with the Fourth Amendment.  Since Defendant's arrest was legal, exclusion is unwarranted based on the fruit of the poisonous tree doctrine in *Elstad*.

### F.     Texas Law

#### 1.     Standard

In deciding motions to suppress, federal courts consider only violations of federal law, not violations of state law.  *See United States v. Garcia*, 462 U.S. 1127, 1127 (1983) (reversing the Fifth Circuit's exclusion of evidence in federal court based on violations of state law) (citing *United States v. Ross*, 456 U.S. 798 (1982)); *United States v. Bolton*, No. 97-51075, 1998 WL 698916, at *1 (5th Cir. Sept. 15, 1998) ("In determining the admissibility of evidence in a federal court, the violation of state law in obtaining such evidence is irrelevant.") (citing *United States v. Walker*, 960 F.2d 409, 415 (5th Cir. 1992)); *United States v. Bell*, No. 93-2019, 1993 WL 373493, at *2 (5th Cir. Sept. 7, 1993) (stating that federal rather than state law governs in deciding whether the exclusionary rule applies to a motion to suppress); *United States v. Mahoney*, 712 F.2d 971, 973 (5th Cir. 1983) (stating that the Supreme Court in *Garcia* "instructed that state law did not control the case and that admissibility of evidence depends on the legality of the search and seizure under federal law"); *United States v. Garner*, 945 F. Supp. 990 (N.D. Tex. 1996), *aff'd*, 136 F.3d 138 (5th Cir. 1998) (denying a motion to suppress because Fifth Circuit law precludes consideration of state law violations with respect to evidence seized by state officers); *United States v. Zucco*, 860 F. Supp. 363, 366-67 (E.D. Tex. 1994) (citing Fifth

Circuit law in rejecting the defendant's request to apply Texas law in deciding a motion to suppress).

### 2.      Analysis

Defendant generally avers violations of the Texas Constitution and the Texas Code of Criminal Procedure without citing to specific provisions.  *See* Mot.  The only provision Defendant cites is Article I, Section 10 of the Texas Constitution.  Mot. 2.  Defendant fails to articulate how that provision was violated, and the Court need not address it.  Since this is a motion to suppress in federal court, violations of state law are irrelevant.  *See Bolton*, 1998 WL 698916 at *1 (citing *Walker*, 960 F.2d at 415).  Therefore, any possible violations of Texas law cannot justify exclusion of evidence in the instant case.

### III.    CONCLUSION

For the foregoing reasons Defendant's Motion, ECF No. 75, is hereby **DENIED**.

**SO ORDERED**.

**SIGNED** on this 4th day of November, 2010.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE